

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

Signed February 6, 2009                                              United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § § | **Substantively Consolidated Cases** |
| TECNET, INC. | § § | Case No. 04-34162-HDH-7 |
| In re | § § § | |
| ENHANCED GLOBAL CONVERGENCE SERVICES, INC., | § § § | Case No. 05-30990-BJH-7 |
| Debtors. | § § | |
| SCOTT M. SEIDEL, Chapter 7 Trustee, Plaintiff, | § § § | |
| v. | § § | Adversary No. 06-3314 |
| ENHANCED PREPAID DISTRIBUTION, LLC., d/b/a ENHANCED PREPAID DISTRIBUTION, INC. Defendant. | § § § § § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Came before the Court for trial, the Complaint filed by Plaintiff, Scott Seidel, Chapter 7 Trustee, and the counter-claims asserted by the Defendant. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court

makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

### Findings of Fact

1. EGCS and EPD are parties to a contract dated December 1, 2003, titled "PrePaid Telecommunications Services Agreement" (the "Contract"). TecNet was not a party to the Contract.

2. The Trustee, on behalf of EGCS, seeks to recover the balance owed by EPD on unpaid invoices. EPD asserts in its counter-claim that it is entitled to benefit of the bargain damages due to Plaintiff's termination of services with regard to services for which Plaintiff had invoiced EPD and EPD had paid in full. EPD is barred from pursuing Count Two of its counterclaim by a previous ruling of this Court.

3. EGCS had contracted with EPD to sell PINs through sub-distributors, on a commission basis. EGCS invoiced EPD, which in turn invoiced its sub-distributors, and EPD kept a 3% commission on all sales of PINs.

4. At trial, the Trustee proved that EGCS is owed at least $9,468,883.22 on unpaid invoices.

5. EPD's counterclaim is based on the alleged lost value to end-users of some of the PINs sold by EPD to sub-distributors. Such counterclaim is outside the contract, which only entitled EPD to receive commissions. Damages to other parties, or consequential damages, are not permitted by the contract, or any other theory advanced by EPD.

6. In addition, EPD has no reliable evidence of the value of the services it allegedly purchased, other than the amount it agreed to pay for such services. Thus, EPD has no recoverable damages under the parties' contract.

7.  EPD tried to establish damages through Mr. Philip Wilkinson, and the All-In-One Report. Although the All-In-One Report was Mr. Wilkinson's best estimate of the value of minutes remaining on purchased PINs, EPD was not able to show through this evidence that they were damaged by unused minutes remaining on the PINs. As Mr. Wilkinson testified at trial, they contracted to receive PINs, not minutes, and received a commission of 3%.

8.  EPD put on no evidence of any amounts paid to sub-distributers or end users by EPD as a result of EGCS terminating the Contract prior to all minutes being used by end users.

9.  Despite great efforts, EPD did not establish a damage claim by the preponderance of the evidence.

### Conclusions of Law

1.  The Trustee is entitled to recover, on behalf of the estate, $9,468,883.22, reflecting the amount of unpaid invoices conceded by EPD.

2.  EPD has not proven any actual damages as a result of the termination of the Contract by EGCS.

3.  EPD is not entitled, under the express terms of the Contract, to recover any consequential damages.

4.  As previously determined by this Court, EPD is not entitled to an administrative expense claim.

###End of Findings of Fact and Conclusions of Law###